UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TASK FORCE BPO, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-53-TAV-JEM |
| AVA CONSULTING, LLC d/b/a ADJUSTERS VIRTUAL ASSISTANTS and/or AVA, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Deem Requests for Admissions Served on Plaintiff[] Admitted [Doc. 20]. Plaintiff filed a response in opposition to the motion and a cross motion to allow its responses to the Requests for Admissions [Doc. 21]. Defendants filed a reply [Doc. 22]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** Defendants' motion [**Doc. 20**] and **GRANTS** Plaintiff's request to allow its responses to the Requests for Admissions [**Doc. 21**].

I.   **BACKGROUND**

On January 3, 2024, Plaintiff filed this lawsuit in the Chancery Court for Knox County, Tennessee, against Defendants AVA Consulting LLC, d/b/a Adjusters Virtual Assistances and/or AVA ("Defendant AVA") and Remko Bloemhard ("Defendant Bloemhard") [Doc. 1-1], which Defendants removed to this Court [Doc. 1]. Plaintiff alleges that the parties entered into a Master Service Agreement ("Agreement"), wherein Plaintiff was to provide Defendant AVA with certain services [Doc. 1-1 ¶ 7]. "Plaintiff and [Defendant] AVA, through [Defendant] Bloemhard, entered

into the Statement of Work #1 under the Agreement with a commencement date of November 2, 2020" ("SOW #1") [*Id*. ¶ 13]. The services under the SOW #1 included "provid[ing] full time equivalent team members to perform insurance business support services[,] including, but not limited to, transcribing and claims support for insurance claims adjusters and general data entry services" [*Id*. ¶ 14 (citation omitted)]. Defendant AVA agreed to compensate Plaintiff as set forth in the SOW #1 [*Id*. ¶ 15]. Specifically, the SOW #1 stated "that Plaintiff would invoice [Defendant] AVA monthly for the services provided to [it], and that payment shall be due from [Defendant] AVA to Plaintiff no[] later than twenty (20) days after receipt of the invoice" [*Id*. ¶ 16].

According to Plaintiff, it performed services for Defendant AVA from June to October 2021, and it sent its invoices for these services, but Defendant AVA did not pay them [*Id*. ¶¶ 17–23]. Plaintiff claims that Defendant AVA owes it $93,994.33 [*Id*. ¶ 25]. On August 26, 2021, the parties "orally agreed that the Agreement would not renew at the end of its initial term on October 31, 2021" [*Id*. ¶ 26]. But Plaintiff alleges that "[t]he non-renewal did not absolve [Defendant] AVA of [its] obligation to make payment for services provided by [Plaintiff] to [Defendant] AVA during the contract term" [*Id*. ¶ 27].

In addition, Plaintiff states that the Agreement contains an exclusivity clause, which provides that Defendant AVA, its affiliate, owner, or executive officer, shall not "establish, invest in, or participate with a similar business process outsourcing company located in the Republic of North Macedonia" without Plaintiff's consent [*Id*. ¶ 29]. The exclusivity period is for three years ("Restricted Period") and "beg[an] on October 31, 2021, the date [Plaintiff] last provided services to [Defendant] AVA and the Agreement was terminated" [*Id*. ¶¶ 30–31]. It alleges that Defendant Bloemhard, Defendant AVA's Chief Executive Officer, "has contracted with or engaged Bright Box[,]" which provides the same services as Plaintiff [*Id*. ¶¶ 32, 34–36, 39]. This occurred during

2

the Restricted Period [*Id*. ¶¶ 38, 40]. Plaintiff states that Defendants AVA and Bloemhard's relationship with Bright Box violates the exclusivity clause in the Agreement [*Id*. ¶ 41].

In addition, Plaintiff asserts that the Agreement contained a non-solicitation clause, which provides that "the Parties shall not directly or indirectly, personally or through others, solicit or attempt to solicit (on a party's own behalf or on behalf of any other Person or entity) the employment of any employee of either Party or any Affiliate of either Party" [*Id*. ¶ 44 (citation omitted)]. The non-solicitation clause contained a three-year period ("Non-Solicitation Period"), beginning on October 31, 2021 [*Id*. ¶¶ 45–46]. When Plaintiff provided services to Defendant AVA, "[Defendant] AVA was a licensee of the Xactimate software program[,] and Plaintiff used Xactimate to provide services to [it]" [*Id*. ¶ 50].[1] According to Plaintiff, "Bright Box has been servicing [Defendant] AVA's needs previously served by Plaintiff during the Restricted Period," and it advertises that it uses Xactimate [*Id*. ¶¶ 47–48]. Further, Plaintiff contends that during the Non-Solicitation Period, Bright Box hired twelve of Plaintiff's former employees for the "same or similar roles as they held while employed with Plaintiff or its affiliates" [*Id*. ¶ 52].

Plaintiff alleges breach of contract for nonpayment, breach of the exclusivity clause, and breach of the solicitation clause [*Id*. ¶¶ 58–81]. It also seeks injunctive relief in relation to Defendants' alleged violations of the exclusivity and non-solicitation clauses [*Id*. ¶¶ 82–88].

On January 10, 2025, Defendants served Plaintiff with the First Combined Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents (collectively, "Discovery Requests") [Doc. 20 p. 2]. They served the Discovery Requests to Plaintiff by mail and email [*Id*. (citations omitted)]. "On February 19, 2025, Plaintiff's counsel

---

[1] Plaintiff states that "Xactimate is a claims estimating software especially designed for insurance adjusters to aid in the insurance claims filing process" [Doc. 1-1 ¶ 49].

3

contacted . . . Defendants' counsel and requested an extension of time of thirty (30) days to respond to the Discovery Requests" [*Id*.]. Defense counsel agreed, meaning that Plaintiff's deadline to respond was March 21, 2025 [*Id*.]. Defendants did not receive Plaintiff's responses by March 21, 2025 [*Id*.].

Defendants request that the Requests for Admissions ("RFA") be deemed admitted under Rule 36 of the Federal Rules of Civil Procedure [*Id*. at 1]. They argue, "Pursuant to the pla[i]n language of Rule 36(a)(3), the Plaintiff is deemed to have admitted each and every [RFA]" [*Id*. at 3].

Plaintiff responds in opposition to the motion [Doc. 21]. It acknowledges that it did not respond to the RFAs by March 21, 2025 [*Id*. at 1]. But Plaintiff states that it provided responses to the RFAs on April 21, 2025 [*Id*.]. Plaintiff explains that the "delay was the result of an error in [its] counsel's office, caused by a misunderstanding between the attorney preparing discovery responses and the attorney communicating with Defendants' counsel on scheduling" [*Id*.]. It asks the Court to "permit the late service of Plaintiff's [r]esponses to the [RFAs] and allow this case to be determined on the merits" [*Id*. at 2]. Plaintiff argues that allowing the late service of its responses to the RFAs will promote the presentation of the case's merits and Defendants will suffer no prejudice [*Id*. at 3–5].

Defendants filed a reply, asserting that the Court should grant their motion "because upholding the admissions would eliminate needless presentation on the merits of the case and . . . Defendants would be prejudiced by allowing the withdrawal or amendment of the admissions" [Doc. 22 p. 1; *see also id*. at 3–4]. They assert that "Plaintiff fails to address its complete lack of prosecution of this case" [*Id*. at 1–2].

## II. ANALYSIS

Rule 36 of the Federal Rules of Civil Procedure governs the parties' disputes, which provides that a party may serve a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to the facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The United States Court of Appeals for the Sixth Circuit has explained that Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009); *see also JP Morgan Chase Bank, NA v. Winget*, No. 08-13845, 2014 WL 4926242, at *3 (E.D. Mich. Oct. 1, 2014) ("The purpose of the rule 'is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided.'" (quoting *Metro. Life Ins. Co. v. Carr*, 169 F. Supp. 377, 378 (D. Md. 1959))).

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). With respect to withdrawing an admission, Rule 36 provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b). "A 'district court has considerable discretion over whether to permit withdrawal or amendment of admissions.'" *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147,

5

154 (6th Cir. 1997) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)). But this "discretion must be exercised in light of Rule 36(b)," which permits a party to withdraw admissions if it will promote the presentation of the merits and the party who obtained the admissions will not be prejudiced. *Id*. (citing Fed. R. Civ. P. 36(b)).

The Court finds permitting Plaintiff to withdraw the admissions will promote the presentation of the merits. As Plaintiff notes, the RFAs are "directed towards highly contested issues [in] this case" [Doc. 21 p. 3]. For instance, RFA Nos. 1, 2, and 6 ask Plaintiff to admit (1) "that the Defendants performed all [their] obligations under the Agreement[,]" (2) "the Plaintiff did not perform its obligations under the Agreement[,]" and (3) "that the Defendants did not breach the Agreement with Plaintiff" [Doc. 20-1 pp. 14, 15]. Other RFAs ask Plaintiff to admit that it has not been damaged [*Id*. at 15–16]. Indeed, Defendants acknowledge that "[t]here would be no controversy between the parties if the admissions are deemed admitted" [Doc. 22 p. 3]. *See Riley v. Kurtz*, 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. 1999) (table opinion) ("The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995))); *see also Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018) ("There is a strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions." (citation omitted)).

The Court further finds that Defendants have not shown that they are prejudiced "in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see Gold Crest, LLC v. Project Light, LLC*, No. 5:19-CV-2921, 2021 WL 877752, at *2 (N.D. Ohio Mar. 9, 2021) (explaining that the party opposing the withdrawal of admissions has the burden to show that it is

6

prejudiced by the withdrawal). Defendants assert that they are prejudiced because they will have to "obtain[] evidence, which is mostly located outside of the United States, to refute Plaintiff's claims" [Doc. 22 p. 3 (footnote omitted)]. In addition, they state that they "are further prejudiced in that they will be required to obtain evidence to even determine the details of Plaintiff's claims" [*Id*. at 3–4]. But the Sixth Circuit has explained that "the prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel*, 106 F.3d at 154 (alterations omitted) (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Instead, the prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id*. (quoting *Am. Auto. Ass'n*, 930 F.2d at 1120). And here, "[t]he parties are currently in the discovery process[,]" and trial is not scheduled until April 7, 2026 [Doc. 19].[2]

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Deem Requests for Admissions Served on Plaintiff[] Admitted [**Doc. 20**] and **GRANTS** Plaintiff's request to allow its response to the RFAs [**Doc. 21**].

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[2] Defendants assert that "Plaintiff has only provided the late responses to the [RFAs]" but not to the other discovery requests [Doc. 22 p. 2]. To the extent the parties have additional discovery disputes, they may contact Chambers after they have met and conferred [*See* Doc. 10 pp. 2–3; Doc. 24].