UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TASK FORCE BPO, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:24-CV-53-TAV-JEM |
| AVA CONSULTING, LLC, and REMKO BLOEMHARD, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion of David P. Pierce, Esq. and Coolidge Wall Co., LPA to Withdraw as Counsel of Record for Defendants Ava Consulting, LLC and Remko Bloemhard [Doc. 27], filed by Defendants' attorney, David D. Pierce with the law firm of Coolidge Wall Co., LPA ("Coolidge Wall"). Attorney Pierce seeks to withdraw from representing Defendants because "[they] have refused to cooperate in the defense or pay Coolidge Wall for legal services rendered in connection with this action" [*Id*. at 1]. He asserts that "Defendants have failed to communicate with counsel or participate in a meaningful way in their defense" [*Id.* at 2]. He further submits that Defendants "have failed to pay their lawyers for services rendered in this matter despite multiple demands for the same" [*Id.*]. Attorney Pierce represents that he served a copy of his motion on Defendants on November 4, 2025 [*Id.* at 3; *see also* Doc. 27-1]. The motion includes Defendants' address and telephone number [Doc. 27 p. 3].

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g). Attorney Pierce has met these requirements.

The Local Rules also provide, "If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." *Id*. Here, the Court finds extraordinary circumstances permit Attorney Pierce's withdrawal. He explains that he has made multiple attempts to demand payment from Defendants to no avail. He further states that Defendants have failed to communicate with counsel or participate in a meaningful way in their defense.

The Court therefore **GRANTS** the motion [**Doc. 27**]. The Court expects Attorney Pierce to provide copies of any relevant documents to any future counsel for Defendants or directly to Defendants upon request. Otherwise, Attorney Pierce and Coolidge Wall are **RELIEVED** of their duties in this case.

The Court **ADMONISHES** Defendant Ava Consulting, LLC ("Defendant Ava Consulting") that corporations cannot appear in federal court except through a licensed attorney. *See In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) ("It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney." (citations omitted)). The Court therefore **ORDERS** Defendant Ava Consulting to retain counsel on or before **December 12, 2025**. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). The potential consequence of not securing replacement counsel for Defendant Ava Consulting is that the Court could enter default and a default judgment against the corporation. *See Peterson v. Sunderman*, No. 10-114, 2010 WL 11520493, at *1 (E.D. Ky. Oct. 6, 2010) ("When a corporation is unrepresented by counsel, an opposing party may seek the entry of default under Rule 55(a), ultimately followed by the entry of default judgment under Rule 55(b)"); *GCIU-Employer Ret. Fund v. Amerigraph, LLC*, No. 2:06-CV-1072, 2008 WL 762082, at *1 (S.D. Ohio Mar. 20, 2008) (granting the plaintiff's motion for default judgment against a corporate defendant after the defendant's counsel withdrew and the defendant failed to obtain substitute counsel).

With respect to Defendant Bloemhard, the Court **ADMONISHES** him that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

The Court **DIRECTS** the Clerk's Office to mail a copy of this Memorandum and Order to Defendants at the address provided in the motion and to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

4