UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TASK FORCE BPO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-53-TAV-JEM |
| | ) | |
| AVA CONSULTING, LLC, and | ) | |
| REMKO BLOEMHARD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the Court on the matter of Defendants Ava Consulting, LLC and Remko Bloemhard's representation.

Defendants removed this case from Knox County Chancery Court on February 8, 2024 [Doc. 1]. At the time, Defendants were represented by P. Edward Pratt and Erika L. Hughes with the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson").

On March 7, 2024, Attorneys David Pierce and Zachary White filed their respective pro hac vice motions to practice in this Court [Docs. 11, 12]. The Court granted their pro hac vice motions on March 11, 2024 [*See* Docs. 15, 16].

On October 30, 2025, Attorneys Pratt and Hughes and Baker Donelson gave Notice of Withdrawal as Counsel of Record for Defendants [Doc. 26 p. 1]. In the Notice, they noted that "Defendants continue to be represented in this action by David Pierce, Esq. of the Coolidge Wall Co., L.P.A. firm" [*Id.*].

On November 19, 2025, Attorney David P. Pierce and Coolidge Wall Co., L.P.A. firm (collectively "Coolidge Wall") filed a Motion to Withdraw as Counsel of Record for Defendants Ava Consulting, LLC and Remko Bloemhard [Doc. 27]. In the motion, Attorney Pierce explained

that Defendants "have failed to refuse to cooperate in the defense or pay Coolidge Wall for legal services rendered in connection with this action" and that they "have failed to communicate with counsel" [*Id.* at 1–2].

The Court granted Attorney Pierce's motion to withdraw and admonished Defendant Ava Consulting, LLC that corporations cannot appear in federal court except through a licensed attorney [*Id.* at 3]. The Court ordered Defendant Ava Consulting to retain counsel on or before December 12, 2025 [*Id.*].

Upon later review, the Court realized that Attorney Zachary White ("Attorney White") was still reflected as counsel of record for Defendant. The Court issued an Order requiring that Attorney White file a status report within two weeks of the entry of the Order on whether he was representing Defendants and to the extent that he was no longer representing them, ordered him to file an appropriate motion under the local rules [Doc. 29]. After Attorney White's failure to answer, the Court issued a show cause order, ordering Attorney White to show cause as to why he failed to respond to the Court's Order or otherwise respond [Doc. 30].

On February 9, 2026, Attorney White filed a Notice of Withdrawal of Zachary B. White, Esq., Effective as of August 9, 2024 [Doc. 31]. Attorney White explains that his employment with Coolidge Wall Co., L.P.A. ended on August 9, 2024, and that Defendants continued to be represented by Baker Donelson through October 30, 2025, and Coolidge Wall through November 24, 2025 [*Id.* at 1]. He further submitted that

> [he] has had no contact with the Defendants after August 9, 2024, did not represent defendants in this or any other matter after August 9, 2024, and was not involved in Defendants' continued representation by Baker Donelson or Coolidge Wall through October 30, 2025 and November 24, 2025, respectively. The undersigned's present law firm, Buckingham, Doolittle, & Burroughs LLC does not represent Defendants.

[*Id.*].

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g). While Attorney White has failed to file the appropriate motion and give the requisite notice to Defendants under this rule, considering the record in this case, the Court finds it appropriate to grant his withdrawal in light of his representations that he has not been counsel to Defendants since August 9, 2024. Resultantly, the Court will waive the requirements under the local rules and **GRANT** a Notice of Withdrawal of Zachary B. White, Esq., effective as of August 9, 2024 [**Doc. 31**]. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) ("The interpretation and application of local rules are matters within the district court's discretion . . . ." (citation omitted and cleaned up)).

Further, considering Defendants' issues with representation in this case, the Court **ORDERS** Defendant Ava Consulting to retain counsel on or before **February 28, 2026**. The Court again reminds Defendant Ava Consulting that the potential consequence of not securing

3

replacement counsel is that the Court could enter default and a default judgment against the corporation. See *Peterson v. Sunderman*, No. 10-114, 2010 WL 11520493, at *1 (E.D. Ky. Oct. 6, 2010) ("When a corporation is unrepresented by counsel, an opposing party may seek the entry of default under Rule 55(a), ultimately followed by the entry of default judgment under Rule 55(b)"); *GCIU-Employer Ret. Fund v. Amerigraph*, LLC, No. 2:06-CV-1072, 2008 WL 762082, at *1 (S.D. Ohio Mar. 20, 2008) (granting the plaintiff's motion for default judgment against a corporate defendant after the defendant's counsel withdrew and the defendant failed to obtain substitute counsel).

The Court **DIRECTS** the Clerk's Office to mail a copy of this Memorandum and Order to Defendants at the address provided in the Motion of David P. Pierce, Esq. and Coolidge Wall Co., LPA to Withdraw as Counsel of Record for Defendants Ava Consulting, LLC and Remko Bloemhard [Doc. 27] and to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

4

Case 3:24-cv-00053-TAV-JEM   Document 32   Filed 02/12/26   Page 4 of 4   PageID #: 206