TASK FORCE BPO, LLC,             )
                                       )
        Plaintiff,            )
                                       )
v.                              )      No.:   3:24-CV-53-TAV-JEM
                                       )
AVA CONSULTING, LLC, and   )
REMKO BLOEMHARD,         )
                                       )
        Defendants.       )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on a *sua sponte* review of the record. On February 8, 2024, defendants AVA Consulting, LLC ("AVA") and Remko Bloemhard removed this action to this Court [Doc. 1]. A week later, defendants filed a collective answer to plaintiff's complaint [Doc. 7].

Over a year later, on November 19, 2025, Attorney David P. Pierce and the law firm of Coolidge Wall Co., LPA filed a motion to withdraw as counsel of record for defendants [Doc. 27]. The Court granted this motion and admonished defendant AVA that corporations could not appear in federal court except through a licensed attorney [Doc. 28, pp. 2–3 (citing *In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009))]. Accordingly, the Court ordered defendant AVA to retain counsel on or before December 12, 2025, and informed defendant AVA of the potential consequence of not securing replacement counsel, i.e., the Court could enter default and a default judgment against it [*Id.* at 3].

Upon later review, the Court realized that Attorney Zachary White was still reflected as counsel of record for defendants. After ordering a status report [Doc. 29] and issuing a show cause order [Doc. 30], Attorney White filed a notice of withdrawal effective as of August 9, 2024 [Doc. 31]. The Court granted Attorney White's notice and ordered defendant AVA to retain counsel on or before February 28, 2026, reminding defendant AVA that "the potential consequence of not securing replacement counsel is that the Court could enter default and a default judgment against the corporation" [Doc. 32, pp. 3–4 (citations omitted)].

The February 28, 2026, deadline passed without defendant AVA securing replacement counsel. After plaintiff failed to move for default against defendant AVA, the Court ordered plaintiff to show cause within 10 days as to why its claims against defendant AVA should not be dismissed for failure to prosecute [Doc. 37]. Subsequently, plaintiff filed an application for default against defendant AVA [Doc. 40].

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, while defendant AVA filed a responsive pleading at the beginning of this action [*see* Doc. 7], the Court finds that, at this juncture, defendant AVA has otherwise failed to defend this matter. Specifically, and as discussed above, defendant AVA has failed to obtain replacement counsel after receiving two opportunities to do so [*See* Doc. 28, p. 3; Doc. 32, p. 3; Doc. 40-1, pp. 2–3]. *See GCIU-Emp. Ret. Fund v. Amerigraph, LLC*, No.

2

2:06-CV-1072, 2008 WL 762082, at *2 (S.D. Ohio Mar. 20, 2008) (noting that the Clerk of Court entered default against the defendant after the defendant failed to respond to the court's order directing it to retain counsel); *Joe Hand Promotions, Inc. v. Acord*, No. 2:18-CV-01014, 2019 WL 1277168, at *1 (S.D. Ohio Feb. 20, 2019) (directing the Clerk of Court to enter default against the corporate defendant for failure to secure counsel and for failure to respond to the complaint via counsel). Moreover, defendant AVA has failed to respond to plaintiff's application for default against it [*See* Doc. 40]. *See Brittney Gobble Photography, LLC v. Wenn Ltd.*, No. 3:16-CV-306, 2019 WL 2446997, at *5 (E.D. Tenn. Feb. 19, 2019), *report and recommendation adopted sub nom.*, *Brittney Gobble Photography, LLC v. USA Ent. News, Inc.*, No. 3:16-CV-306, 2019 WL 1125644 (E.D. Tenn. Mar. 12, 2019) (finding there to be no dispute that the Clerk properly entered a default against the defendants as the defendants did not obtain substitute counsel, stopped participating in discovery, failed to respond to the plaintiff's requests for entry of default and default judgment, and failed to appear as ordered).

Accordingly, and in consideration of defendant AVA's failure to defend this matter, the Clerk of Court is **DIRECTED** to enter default against defendant AVA.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3